JOINER, Judge,
dissenting,
I disagree with the Court’s conclusion that Carless Ledon Wagner was not afforded a probation-revocation hearing; therefore, I respectfully dissent.[2].
• As the main opinion notes, Wagner admitted to the circuit court, with'his counsel present, that he had violated the terms and conditions of his probation. It is well settled that an admission waives Wagner’s right to a formal hearing. See Rule 27;5(b), Ada. R.Crim. P. Once an admission is made, the circuit court is required to comply only with Rule 27.6(c), which provides, in pertinent part:
“(c) Admissions by the Probationer. Before accepting an admission by a probationer that the probationer, has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
“(1) The nature of the violation to which an admission is offered;
“(2) The right under section '(b) to be represented by counsel;
“(3) The right to testify and to present witnesses and other evidence on probationer’s Own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
“(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.”
The main opinion states that the following happened at the May 29, 2014, hearing: “The court read;the charges and the summary of the details stated in the probation officer’s report. After each charge, the court asked whether Wagner admitted or denied the charge. His counsel admitted both charges. The court then asked Wagner if he had ány evidence to present.” 197 So.3d at 512. Contrary to the main opinion’s view regarding this hearing, I believe that that was sufficient under Rule 27.6.[3]
*517 Specifically, as to the main opinion’s conclusion that “the court did. not inform Wagner of his right to confront or to cross-examine adverse witnesses,” 197 So.3d at 515, I think the circuit court’s question — “Do you have any evidence to offer as to why the Court should not revoke his probation?” — sufficiently apprised Wagner of his right to confront any witnesses. Further, as to the main' opinion’s conclusion that “the court ... did not determine that [Wagner’s] admission was voluntary,” 197 So.3d at 515, Wagner does not challenge the voluntariness of his admission — only the sufficiency of his hearing. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (holding that “[w]e will not review issues not listed and argued in brief’). Accordingly, I would affirm the circuit court’s revocation of Wagner’s probation.

. In his motion for a new trial, Wagner preserved for appellate review his claim that he was denied his right, pursuant to § 15-24-54, Ala.Code 1975, and Rule 27.6, Ala. R.Crim. P., to a probation-revocation hearing.

. I note that Rule 27.6(c)(4), Ala. R.Crim, P., does not apply here because Wagner was not charged with a new criminal offense. Indeed, the record shows that Wagner's counsel stated, during the hearing, that "[Wagner] has not been accused of any new crime. There’s no new charges.” (R. 7.)